**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LUIS F.D.M., | Case No. 26-CV-1516 (KMM/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; DAVID EASTERWOOD, *Acting Director Saint Paul Field Office Director, U.S. Immigration and Customs Enforcement, St. Paul Field Office*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; JOEY PEDERSON, *Administrator of Northwest Corrections Center Crookston MN*; and PAMELA BONDI, *Attorney General of the United States*; | |
| Respondents. | |

This matter is before the Court on Petitioner Luis F.D.M.'s Petition for a Writ of Habeas Corpus. (Dkt. 1.) For the reasons that follow, the petition is granted.

**BACKGROUND**

The facts alleged in the petition are not disputed. (*See* Dkt. 5.) Luis F.D.M. is a citizen of Mexico who resides in North Dakota. (Dkt. 1 ¶ 6.) He entered the United States in 2018 without inspection by immigration authorities, and had no connection with immigration agents until his arrest, which precipitated this case. (*See id.* ¶ 8.)

On February 1, 2026, immigration agents arrested Luis F.D.M. in Watford City, North Dakota. (*Id.* ¶ 10.) After his arrest, Respondents transferred Luis F.D.M. to a

detention facility in Crookston, Minnesota. (*Id.*) There is no evidence that immigration agents had a warrant for his arrest. (*Id.* ¶ 26.) Respondents have initiated removal proceedings for Luis F.D.M., but the immigration matter is ongoing. (*Id.* ¶ 11.)

Luis F.D.M.'s counsel filed the petition on February 18, 2026. He asks the Court to order Respondents to release him from custody, or alternatively, to require Respondents to hold a bond hearing. (*Id.*, Prayer for Relief ¶¶ 35(b)–(c).) The same day the petition was filed, the Court issued an Order to Show Cause, requiring Respondents to file an answer. (Dkt. 3.) Respondents filed their response on February 21, 2026. (Dkt. 5.) They acknowledge that this case is like others this Court has recently decided distinguishing between detention authorized by 8 U.S.C. § 1225(b)(2) and § 1226(a). And although the Court has rejected Respondents' position in previous cases, they ask the Court to deny the petition. (*Id.* at 1.)

## DISCUSSION

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. Respondents assert that

Luis F.D.M. is subject to detention by ICE under 8 U.S.C. § 1225(b)(2)(A). This Court has previously held that, because aliens residing within the United States are not "seeking admission" within the meaning of § 1225(b)(2)(A), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Additionally, although the Fifth Circuit just agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4–10 (5th Cir. Feb. 6, 2026), *with Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Respondents also note that the issue is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025).

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Luis F.D.M. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. Respondents have not provided any evidence to show that Petitioner was arrested pursuant to a "warrant issued by the Attorney General." *See* 8 U.S.C. § 1226(a). "Section 1226

provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (quoting 8 U.S.C. § 1226(a)). The issuance of a warrant is a prerequisite to even discretionary detention under § 1226(a). *Id.* (citing cases). In *Ahmed M.*, the petitioner had been arrested without any such warrant having been issued and, therefore, the appropriate remedy was immediate release rather than a detention hearing. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (D. Minn. Jan. 12, 2026) (Order (Dkt. 8)) (same). The same is true here. Respondents point to neither a warrant supporting the applicability of § 1226(a) to Luis F.D.M., nor any other statutory basis for a bond hearing, so immediate release is required.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Luis F.D.M.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Luis F.D.M. **without imposing any conditions and no later than 9:00 p.m. on February 22, 2026**.

4. Upon Luis F.D.M.'s release, Respondents must return **all of his personal effects seized during his arrest, including but not limited to immigration paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 21, 2026

*s/Katherine M. Menendez*

Katherine M. Menendez
United States District Judge